[Cite as *State v. Alcorn*, 2012-Ohio-5784.]

IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
MONTGOMERY   COUNTY

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | Appellate Case No. 25065 |
| Plaintiff-Appellee | : | |
| | : | Trial Court Case No. 2011-CR-3353 |
| v. | : | |
| | : | |
| DANNY W. ALCORN | : | (Criminal Appeal from |
| | : | Common Pleas Court) |
| Defendant-Appellant | : | |
| | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on the 7th day of December, 2012.

. . . . . . . . . . .

MATHIAS H. HECK, JR., by MICHELE D. PHIPPS, Atty. Reg. #0069829, Montgomery County Prosecutor's Office, Appellate Division, Montgomery County Courts Building, P.O. Box 972, 301 West Third Street, Dayton, Ohio 45422
        Attorney for Plaintiff-Appellee

WILLIAM T. DALY, Atty. Reg. #0069300, Post Office Box 49054, Dayton, Ohio 45449
        Attorney for Defendant-Appellant

. . . . . . . . . . . .

HALL, J.

{¶ 1}    Danny W. Alcorn appeals from his conviction and sentence on one count of aggravated arson.

{¶ 2} In his sole assignment of error, Alcorn challenges the legal sufficiency and manifest weight of the evidence to support his conviction.[1]

{¶ 3} The present appeal stems from Alcorn's act of burning an abandoned couch in a grassy area between a carry-out store and a residence in Miamisburg. The State's evidence at trial established that Alcorn lit the couch on fire because he believed it was infested with bed bugs. The fire destroyed the couch and caused some vinyl siding on the carry-out building to melt. Firefighters arrived and doused the couch with an extinguisher. Police spoke to Alcorn, who admitted starting the fire. No one was injured in the incident. The owner of the carry-out, which was open at the time of the fire, testified that the cost to repair the melted siding was $578.54.

{¶ 4} Based on the foregoing facts, a jury convicted Alcorn of aggravated arson in violation of R.C. 2909.02(A)(2), which provides: "No person, by means of fire or explosion, shall knowingly * * * [c]ause physical harm to any occupied structure[.]" The trial court imposed a two-year prison sentence. This appeal followed.

{¶ 5} When a defendant challenges the sufficiency of the evidence, he is arguing that the State presented inadequate evidence on an element of the offense to sustain the verdict as a matter of law. *State v. Hawn*, 138 Ohio App.3d 449, 471, 741 N.E.2d 594 (2d Dist. 2000). "An appellate court's function when reviewing the sufficiency of the evidence to support a criminal conviction is to examine the evidence admitted at trial to determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt. The relevant inquiry is whether, after viewing the evidence in a light most

---

[1] Although Alcorn's assignment of error raises only a manifest-weight issue, his brief addresses both weight and sufficiency.

favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt." *State v. Jenks*, 61 Ohio St.3d 259, 574 N.E.2d 492 (1991), paragraph two of the syllabus.

{¶ 6} Our analysis is different when reviewing a manifest-weight argument. When a conviction is challenged on appeal as being against the weight of the evidence, an appellate court must review the entire record, weigh the evidence and all reasonable inferences, consider witness credibility, and determine whether, in resolving conflicts in the evidence, the trier of fact "clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered." *State v. Thompkins*, 78 Ohio St.3d 380, 387, 1997-Ohio-52, 678 N.E.2d 541. A judgment should be reversed as being against the manifest weight of the evidence "only in the exceptional case in which the evidence weighs heavily against the conviction." *State v. Martin*, 20 Ohio App.3d 172, 175, 485 N.E.2d 717 (1st Dist. 1983).

{¶ 7} With the foregoing standards in mind, we conclude that Alcorn's conviction is supported by legally sufficient evidence and is not against the weight of the evidence. His only argument on appeal is that the State failed to prove he knowingly created a substantial risk of serious physical harm to any person other than himself, as required for an aggravated arson conviction under R.C. 2909.02(A)(1). But Alcorn was neither charged with nor convicted of violating R.C. 2909.02(A)(1). Instead, he was charged with and convicted of violating R.C. 2909.02(A)(2), which prohibits knowingly causing physical harm to an occupied structure by means of fire. Alcorn makes no argument regarding R.C. 2909.02(A)(2). In any event, we conclude that the State presented legally sufficient evidence and that Alcorn's conviction is

not against the weight of the evidence. The State's evidence established that he intentionally lit a couch on fire near an occupied, commercial building. The fire melted some of the vinyl siding on the building. This evidence supports the jury's verdict that he knowingly caused physical harm to an occupied structure by means of fire.

{¶ 8} The sole assignment of error is overruled, and the judgment of the Montgomery County Common Pleas Court is affirmed.

. . . . . . . . . . . . .

GRADY, P.J., and FROELICH, J., concur.

Copies mailed to:

Mathias H. Heck
Michele D. Phipps
William T. Daly
Hon. Mary K. Huffman